## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.:

KENNETH SALAZAR,

      Plaintiff,

v.

CITY OF HALLANDALE BEACH and
JOSUE HERNANDEZ, individually,

      Defendants.

_____/

### COMPLAINT

PLAINTIFF KENNETH SALAZAR, by and through his undersigned counsel, files this Complaint and sues the CITY OF HALLANDALE BEACH (hereinafter "DEFENDANT HALLANDALE BEACH") and JOSUE HERNANDEZ (hereinafter "DEFENDANT HERNANDEZ"), an individual, and states:

1)      This is an action for damages arising out of violations of federal law and state torts detailed below in an amount greater than $15,000.00.

2)      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above.

3)      The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida. In connection with the acts, practices and violations alleged below, DEFENDANT HERNANDEZ either directly or indirectly violated PLAINTIFF KENNETH SALAZAR's constitutional rights.

1

4)      At all times material hereto, DEFENDANT HALLANDALE BEACH was a Florida municipal corporation, with principal office and place of business in HALLANDALE BEACH, Broward County, Florida and was *sui juris*.

5)      At all times material hereto, DEFENDANT HERNANDEZ was an employee, law enforcement officer and agent of DEFENDANT HALLANDALE BEACH.

6)      At all times material hereto, DEFENDANT HERNANDEZ was acting under color of state law.

7)      At all times material hereto, DEFENDANT HERNANDEZ was over 18 years of age and was *sui juris*.

8)      At all times material hereto, PLAINTIFF KENNETH SALAZAR was over 18 years of age and was *sui juris*.

9)      All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28(6)(a) - (d).

10)     PLAINTIFF SALAZAR presented his claims in writing to DEFENDANT HALLANDALE BEACH by means of a letter of demand for damages within three (3) years of the accrual of the cause of action.

11)     DEFENDANT HALLANDALE BEACH never made final disposition of PLAINTIFF SALAZAR's written claims within six (6) months of their presentation.

**<u>FACTS</u>**

12)     On or about October 30, 2009, PLAINTIFF KENNETH SALAZAR was detained and then arrested and charged with Resisting Arrest with Violence, in violation of Section 843.01,

2

Florida Statutes, and Resisting Arrest without Violence, in violation of Section 843.02, Florida Statutes, by DEFENDANT HERNANDEZ. DEFENDANT HERNANDEZ also issued PLAINTIFF SALAZAR a traffic citation for improper change of lane.

13)   The crime of Resisting Arrest with Violence is a third degree felony punishable by up to five (5) years in prison. The crime of Resisting Arrest without Violence is a first degree misdemeanor punishable by up to one (1) year in jail.

14)   DEFENDANT HERNANDEZ made a traffic stop of PLAINTIFF SALAZAR alleging that PLAINTIFF SALAZAR had committed the traffic violation of improper change of lane.

15)   Prior to the time of his stop, PLAINTIFF SALAZAR had been driving his car in a lawful manner and had not committed any traffic violation.

16)   PLAINTIFF SALAZAR pulled over his car and stopped it at a nearby gas station.

17)   Upon stopping his car, PLAINTIFF SALAZAR remained in the driver seat of his car.

18)   DEFENDANT HERNANDEZ requested PLAINTIFF SALAZAR provide HERNANDEZ with his driver license.

19)   After PLAINTIFF SALAZAR provided DEFENDANT HERNANDEZ with his driver license, DEFENDANT HERNANDEZ ordered PLAINTIFF SALAZAR to exit his car.

20)   Upon PLAINTIFF SALAZAR exiting his car, DEFENDANT HERNANDEZ turned PLAINTIFF SALAZAR around so that PLAINTIFF SALAZAR was facing toward his car.

21)   Upon PLAINTIFF SALAZAR facing his car, DEFENDANT HERNANDEZ ordered PLAINTIFF SALAZAR to place his hands on top of his car.

22)   Upon PLAINTIFF SALAZAR placing his hands on top of his car, DEFENDANT HERNANDEZ began to kick PLAINTIFF SALAZAR's feet apart.

23)     DEFENDANT HERNANDEZ continued to kick PLAINTIFF SALAZAR's feet apart until they were so far apart that PLAINTIFF SALAZAR could not maintain his balance and PLAINTIFF SALAZAR brought his feet closer together in order to maintain his balance and not fall.

24)     As soon as PLAINTIFF SALAZAR had brought his feet closer together, DEFENDANT HERNANDEZ again began to kick them apart.

25)     Again DEFENDANT HERNANDEZ continued to kick PLAINTIFF SALAZAR's feet apart until they were so far apart that PLAINTIFF SALAZAR could not maintain his balance and PLAINTIFF SALAZAR once again brought his feet closer together in order to maintain his balance and not fall.

26)     At that time DEFENDANT HERNANDEZ turned PLAINTIFF SALAZAR around and punched him in his face.

27)     Thereafter DEFENDANT HERNANDEZ kneed PLAINTIFF SALAZAR in his chin.

28)     As a result PLAINTIFF SALAZAR fell to the ground and rolled into shrubs.

29)     DEFENDANT HERNANDEZ continued to pummel PLAINTIFF SALAZAR when PLAINTIFF SALAZAR was on the ground.

30)     At no time did PLAINTIFF SALAZAR make any offensive actions or gestures toward DEFENDANT HERNANDEZ nor did he resist any of the actions of DEFENDANT HERNANDEZ.

31)     While PLAINTIFF SALAZAR was on the ground, DEFENDANT HERNANDEZ continued to pummel PLAINTIFF SALAZAR, kneed PLAINTIFF SALAZAR in the back, and pepper sprayed him.

32)    DEFENDANT HERNANDEZ then handcuffed PLAINTIFF SALAZAR and took him to the Broward County Jail where he remained until he posted bond.

33)    Subsequently, the State Attorney formally charged PLAINTIFF SALAZAR with Resisting Arrest without Violence, in violation of Section 843.02, Florida Statutes. The charge of Resisting Arrest with Violence was not formally charged by the State Attorney.

34)    Subsequently, on January 25, 2011, PLAINTIFF SALAZAR went to trial on the charge of Resisting an Officer without Violence and the traffic violation of Improper Change of Lane.

35)    At the conclusion of the trial, a jury found PLAINTIFF SALAZAR not guilty of the charge of Resisting Arrest Without Violence and the judge acquitted PLAINTIFF SALAZAR of the charge of Improper Change of Lane.

36)    No probable cause existed for the detention or arrest of PLAINTIFF KENNETH SALAZAR for any offense. No reasonable suspicion, no founded suspicion, and no well-founded articulable suspicion of criminal activity existed for the stop and detention of PLAINTIFF KENNETH SALAZAR by DEFENDANT HERNANDEZ.

37)    No probable cause existed for the arrest of PLAINTIFF KENNETH SALAZAR for any offense.

.    38)    PLAINTIFF KENNETH SALAZAR was required to retain counsel to defend him against the charges and to pay his counsel a fee.

## <u>COUNT 1 - FALSE ARREST</u> - <u>DEFENDANT HALLANDALE BEACH</u>

39)     The averments of paragraphs 1 - 38 are repeated herein.

40)     At all times, DEFENDANTS HALLANDALE BEACH and HERNANDEZ knew or should have known that the charges made against PLAINTIFF KENNETH SALAZAR were false and that no probable cause existed for the charges.

41)     As a direct and proximate result of the false arrest and false imprisonment of PLAINTIFF KENNETH SALAZAR, he has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

42)     As a further direct and proximate result of his false arrest and false imprisonment, PLAINTIFF KENNETH SALAZAR has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF KENNETH SALAZAR prays:

a)     Judgment for compensatory damages against DEFENDANT HALLANDALE BEACH;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable; and

d)     Such other relief as this Honorable Court may deem just and appropriate.

6

## COUNT 2 - 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS - DEFENDANT HERNANDEZ

43)    The averments of paragraphs 1-38 are repeated herein.

44)    This cause of action is brought by PLAINTIFF KENNETH SALAZAR against DEFENDANT HERNANDEZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

45)    While DEFENDANT HERNANDEZ was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT HALLANDALE BEACH, he subjected PLAINTIFF KENNETH SALAZAR to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

46)    With regard to the violations of the constitutional rights of PLAINTIFF KENNETH SALAZAR as alleged in this count, the actions of DEFENDANTS HERNANDEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress KENNETH SALAZAR and were done with a reckless or callous indifference to KENNETH SALAZAR's federally protected rights.

47)    As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS HERNANDEZ, resulting in the false arrest of PLAINTIFF KENNETH SALAZAR, he suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

48)     As a further direct and proximate result of the false arrest of PLAINTIFF KENNETH SALAZAR, he has further suffered mental anguish, loss of income, attorney expenses, costs of bond and defense, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF KENNETH SALAZAR prays:

a)     Judgment against DEFENDANT HERNANDEZ for compensatory and punitive damages;

b)     Costs of suit;

c)     Reasonable attorney's fees;

d)     Trial by jury as to all issues so triable; and

e)     Such other relief as its Honorable Court may deem just and appropriate.


## COUNT 3- MALICIOUS PROSECUTION - DEFENDANT HERNANDEZ

49)     The averments of paragraphs 1-38 are repeated herein.

50)     On or about October 30, 2009, DEFENDANT HERNANDEZ, acting within the scope and authority of his employment for DEFENDANT HALLANDALE BEACH, initiated criminal proceedings against PLAINTIFF KENNETH SALAZAR by arresting him falsely and without legal authority for the charges of Resisting Arrest with Violence and Resisting Arrest without Violence.

51)     Subsequently, the State Attorney formally charged PLAINTIFF SALAZAR with Resisting Arrest without Violence, in violation of Section 843.02 Florida Statutes. The charge of Resisting Arrest with Violence was not formally charged by the State Attorney.

52)     The criminal proceedings against PLAINTIFF KENNETH SALAZAR were caused and initiated by DEFENDANT HERNANDEZ acting within the scope and authority of his employment for DEFENDANT HALLANDALE BEACH.

53)     Subsequently, the criminal proceedings against PLAINTIFF KENNETH SALAZAR were completely terminated in his favor on or about January 25, 2011, by a finding of not guilty in a jury trial.

54)     No probable cause existed for the prosecution of PLAINTIFF KENNETH SALAZAR for any charge.

55)     With regard to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF KENNETH SALAZAR, to wit: DEFENDANT HERNANDEZ, knew no probable cause existed for the initiation of prosecution of PLAINTIFF KENNETH SALAZAR.

56)     As a direct and proximate result of the malicious prosecution of PLAINTIFF KENNETH SALAZAR, he has suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

57)     As a further direct and proximate result of the malicious prosecution of PLAINTIFF KENNETH SALAZAR, he has further suffered mental anguish, loss of capacity for the enjoyment of life, loss of income, attorney fees, costs of bond and defense, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF KENNETH SALAZAR prays:

a)     Judgment against DEFENDANT HERNANDEZ for compensatory damages and punitive damages;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable;

d)     Such other relief as this Honorable Court may deem just and appropriate.


## COUNT 4- 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS DEFENDANT HERNANDEZ

58)     The averments of paragraphs 1-38 are repeated herein.

59)      This cause of action is brought by the PLAINTIFF SALAZAR against DEFENDANT HERNANDEZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

60)      While DEFENDANT HERNANDEZ was acting under the authority of the State of Florida and under color of law as a police officer in the employ of HALLANDALE BEACH, he subjected the PLAINTIFF SALAZAR to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

61)     With regard to the violations of the constitutional rights of SALAZAR as alleged in this count, the actions of DEFENDANT HERNANDEZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress SALAZAR and were done with a reckless or callous indifference to SALAZAR's federally protected rights entitling PLAINTIFF to an award of punitive damages against HERNANDEZ in his individual capacity.

62)     As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT HERNANDEZ, PLAINTIFF SALAZAR suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income, attorney fees, and costs of bond and defense, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, THE PLAINTIFF SALAZAR prays:

a)     Judgment against DEFENDANT HERNANDEZ for compensatory and punitive damages;

b)     Costs of suit;

c)     Reasonable attorney's fees;

d)     Trial by jury as to all issues so triable; and

e)     Such other relief as its Honorable Court may deem just and appropriate.

11

## COUNT 5 - 42 U.S.C. § 1983 VIOLATION BY INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE - DEFENDANT HERNANDEZ

63)     The averments of paragraphs 1 - 38 are repeated herein.

64)     With regard to this count, the prosecution was initiated with the presence of malice, fraud, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of SALAZAR, to wit: the DEFENDANT HERNANDEZ knew no probable cause existed for the initiation and pursuit of prosecution of PLAINTIFF SALAZAR.

65)     As a direct and proximate result of the malicious prosecution of PLAINTIFF SALAZAR, he has further suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, expenses of traveling to court, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, suffered loss of income attorney fees, and costs of bond and defense, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

66)     The conduct of HERNANDEZ violated PLAINTIFF's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, PLAINTIFF SALAZAR prays:

a)     Judgment against DEFENDANT HERNANDEZ for compensatory damages and punitive damages;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable;

d)     Attorney fees; and

d)     Such other relief as this Honorable Court may deem just and appropriate.

12

## COUNT 6 - BATTERY - DEFENDANT HALLANDALE BEACH

67)     The averments of paragraphs 1 - 38 are repeated herein.

68)     At all times, DEFENDANTS HALLANDALE BEACH and HERNANDEZ commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF SALAZAR's body, actually touched PLAINTIFF SALAZAR, the contact was harmful or offensive and occurred without PLAINTIFF SALAZAR's consent.

69)     At all times, DEFENDANTS HALLANDALE BEACH and HERNANDEZ commenced a course of conduct such that their actions occurred with great force and excessive use of force causing the PLAINTIFF SALAZAR severe bodily injury.

70)     As a direct and proximate result of the excessive use of force, PLAINTIFF SALAZAR, he has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

71)     As a further direct and proximate result of the said excessive use of force, PLAINTIFF SALAZAR has further suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, loss of income, expenses of an attorney, costs of bond and defense, humiliation personally, and damage to his reputation.

WHEREFORE, PLAINTIFF SALAZAR prays:

a)     Judgment for compensatory damages against DEFENDANT HALLANDALE BEACH;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and appropriate.


GARY KOLLIN, P.A.
Counsel for PLAINTIFF
1844 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone: (954) 723-9999; Fax: (954) 791-6565
garykollin@garykollinlaw.com


By: /s/ Gary Kollin
GARY KOLLIN, ESQ.
Florida Bar No. 282431